## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

JOSHUA JENSEN,

      Plaintiff,

      v.                           CASE NO.  25-3180-JWL

TOM BROWN, et al.,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff and state prisoner Joshua Jensen filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff is currently incarcerated at Lansing Correctional Facility in Lansing, Kansas. With his complaint, Plaintiff filed a request for leave to proceed in forma pauperis. (Doc. 3.) Because the request was not on the required, court-approved form, the Court issued a notice of deficiency, directing Plaintiff to resubmit the motion on the required form. (Doc. 6.) The Court provisionally grants Plaintiff leave to proceed in forma pauperis. Plaintiff remains obligated to resubmit his motion for leave to proceed in forma pauperis on the required form and to submit the required financial information by the October 2, 2025 deadline set forth in the notice of deficiency at Doc. 6. The failure to comply with the notice of deficiency by the deadline may result in the dismissal of this matter without further prior notice to Plaintiff.

The Court has begun the statutorily required review of the complaint and has identified deficiencies, identified below, that leave the complaint subject to dismissal in its entirety. The Court therefore will grant Plaintiff time in which to file a complete and proper amended complaint that cures the deficiencies identified herein. If Plaintiff fails to do so in the allotted time, this matter will be dismissed without further prior notice to him. Also before the Court is Plaintiff's motion

for appointment of class counsel (Doc. 4), his motion for joinder of parties (Doc. 5), and his motion to subpoena (Doc. 7), which will be denied for the reasons set forth below.

## I.     Nature of the Matter before the Court

Plaintiff names as Defendants in this matter Tom Brown and Wade Younkin, both of whom are Unit Team Managers at Norton Correctional Facility (NCF) in Norton, Kansas. (Doc. 1, p. 1-2.) As the background to this case, Plaintiff asserts that NCF staff have a pattern or practice of failing to comply with K.A.R. 44-12-601, they violate his Fourth Amendment right to be secure in his papers by censoring his mail, they do not afford him due process, and they treat him differently than "all other Americans" whose mail is not censored by the State. *Id.* at 2.

As Count I, Plaintiff asserts the denial of his Fourth Amendment right to be secure in his papers and his right to due process. *Id.* at 3. In the section of the form complaint for stating the facts that support Count I, Plaintiff states only, "No court in the United States has taken my right to be secure in my papers away." *Id.* In Count II, Plaintiff alleges the violation of his Fourteenth Amendment right to equal protection. *Id.* As supporting facts for Count II, Plaintiff states only, "Kansas does not censor the entire population's mail." *Id.*

In Count III, Plaintiff asserts a violation of 42 U.S.C. § 1985. *Id.* at 4. As supporting facts for Count III, Plaintiff states:  "Aside from the illegal censorship allowed in K.A.R. 44-12-601; N.C.F. staff do not even follow their own state mandated regulations." *Id.* As relief, Plaintiff seeks "[a]ll remedies and relief the Court deems access[i]ble; plus whatever the class would agree to." *Id.* at 5.

## II.     Screening Standards

Because Plaintiff is a prisoner and provisionally proceeds in forma pauperis, the Court is required by statute to screen his complaint and to dismiss it or any portion thereof that is frivolous,

2

fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes this pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct,

much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

## III.   Discussion

This matter is subject to dismissal in its entirety because the complaint (Doc. 1) fails to allege sufficient facts to state a plausible claim for relief against any Defendant. "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 Fed. Appx. 757, 759 (10th Cir. 2009) (unpublished) (quoting *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008)). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013). Conclusory allegations of involvement are not sufficient. *See Iqbal*, 556 U.S. at 676.

Although Plaintiff names two NCF staff members as Defendants in this matter, the complaint contains no specific factual allegations about actions taken by either Defendant. Rather, he makes broad, conclusory statements of the type that are not sufficient to support a plausible claim for relief. Plaintiff does not state when the alleged constitutional violations occurred, nor does he include any specific details about the acts of censorship he believes violated his constitutional rights. Thus, he has failed to state a plausible claim for relief.

In addition, the lack of specific factual allegations in the complaint render the complaint in violation of Rule 8 of the Federal Rules of Civil Procedure. Rule 8[1] requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim

---

[1] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)). Even liberally construing the pro se complaint, the Court cannot determine the factual basis of the claims alleged therein. Plaintiff does not identify specific actions taken by individuals, nor does he provide even a general timeframe in which those actions occurred. Thus, the complaint would not give Defendants Brown and Younkin fair notice of the basis of the claim or claims against them.

When a plaintiff fails to comply with Rule 8, this Court is authorized to dismiss the complaint. *See Nasious* v. *Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007); *Chavez v. Huerfano County*, 195 Fed. Appx. 728, 730 (10th Cir. 2006) (unpublished) (affirming dismissal without prejudice for violation of Rule 8 and stating that "[i]t is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case"); *Triplett v. U.S. Dept. of Defense*, 2011 WL 1113551 (D. Kan. March 24, 2011) (unpublished). Rather than immediately imposing such a harsh consequence, however, the Court will allow Plaintiff an opportunity to amend his complaint.

## IV.    Amended Complaint Required

Due to the lack of specific facts alleged in the complaint, this action is subject to dismissal in its entirety for failure to state a plausible claim on which relief can be granted and because it violates Rule 8 of the Federal Rules of Civil Procedure. Plaintiff will be granted time in which to file a complete and proper amended complaint on the required, court-approved form that alleges sufficient facts to state a plausible claim against a named Defendant in this matter. In order to add

claims or significant fact allegations, Plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. Plaintiff is advised that an amended complaint does not supplement the initial complaint; an amended complaint completely replaces the initial complaint. Therefore, any claims, Defendants, or factual allegations not included in the amended complaint will not be before the Court. Plaintiff may not refer to or incorporate by reference his initial complaint. The amended complaint must contain all claims that Plaintiff intends to pursue in this action, including those to be retained from his initial complaint, and it must allege sufficient facts to show a plausible claim for relief against a named defendant.

Plaintiff must write the number of this case (25-3180) at the top of the first page of his amended complaint. He must allege sufficient facts to show that each defendant personally participated in a federal constitutional violation. For each Count, he must clearly identify the federal or constitutional right he believes was violated and he must state specific facts that support each alleged violation. Plaintiff may attach additional pages to the required form as necessary, but he must clearly label any additional pages so that the Court and opposing parties can determine which facts support Count I, Count II, Count III, etc.

If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed without further prior notice to Plaintiff for failure to state a claim on which relief could be granted. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary. Plaintiff is further reminded that he must comply with the notice of deficiency (Doc. 6) on or before October 2, 2025. If he fails to do so, this matter may be dismissed without further prior notice to Plaintiff.

### V.    Pending Motions

### A.  Motion for Appointment of Class Counsel (Doc. 4)

In his motion to appoint class counsel, Plaintiff asks the Court to appoint class counsel pursuant to Federal Rule of Civil Procedure 23(g)(1). (Doc. 4.) Rule 23(g)(1) states:  "Unless a statute provides otherwise, a court that certifies a class must appoint class counsel." This Court has not certified a class in this case, so Plaintiff's motion will be denied as premature. The Court further finds that class certification would be inappropriate at this time because that this matter is subject to dismissal in its entirety for failure to state a plausible claim for relief.

### B.  Motion for Joinder of Parties (Doc. 5)

In his motion for joinder of parties, Plaintiff asks the Court to add Defendants to this action. (Doc. 5.) He also demands that the Court "serve the parties listed in this Joinder." *Id.* This motion will be denied without prejudice. To the extent that Plaintiff wishes to add Defendants to this action, he may do so by including them in his amended complaint. Service in this matter is not appropriate until the Court has completed the statutorily required screening of the complaint and has concluded that Plaintiff has stated a plausible claim for relief against a named defendant in this action. The Court will order service if Plaintiff's action survives screening.

### C. Motion to Subpoena (Doc. 7)

In his motion to subpoena, Plaintiff seeks a subpoena under Federal Rule of Civil Procedure 45(c)(2)(A) to command Defendant Brown to produce in hard copy Form-9s and grievances Plaintiff submitted electronically to NCF. (Doc. 7.) Plaintiff further asks the Court to "cla[ri]fy to the K.D.O.C. that a Form-9 is actually part of the grievance procedure. *Id.* This motion will be denied without prejudice as premature because this case is in the preliminary screening phase of

these proceedings and Plaintiff has not yet stated a plausible claim for relief against a named defendant.

**IT IS THEREFORE ORDERED** that the Court provisionally grants Plaintiff leave to proceed in forma pauperis. Plaintiff remains obligated to resubmit his motion for leave to proceed in forma pauperis and the required financial information by the **October 2, 2025** deadline set forth in the Court's notice of deficiency at Doc. 6. The failure to comply with the notice of deficiency by the deadline may result in the dismissal of this matter without further prior notice to Plaintiff.

**IT IS FURTHER ORDERED** that the motion to appoint class counsel (**Doc. 4**), the motion for joinder of parties (**Doc. 5**), and the motion to subpoena (**Doc. 7**) are **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **October 6, 2025** in which to file a complete and proper amended complaint upon the required court-approved form that cures the deficiencies identified in this order. If Plaintiff fails to do so, this action will be dismissed without further prior notice to Plaintiff. The Clerk is directed to send the appropriate form and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated September 4, 2025, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**