IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA JENSEN,

    **Plaintiff,**

v.                                          CASE NO. 25-3180-JWL

TOM BROWN, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and Kansas prisoner Joshua Jensen brought this pro se civil rights action under 42 U.S.C. § 1983. (Doc. 1.) Plaintiff is currently incarcerated at Lansing Correctional Facility in Lansing, Kansas and he has been granted leave to proceed in forma pauperis. (Doc. 11.) This matter comes now before the Court on Plaintiff's amended complaint (Doc. 10), filed October 2, 2025. For the reasons set forth in this order, this matter will be dismissed because the amended complaint fails to state a claim on which relief can be granted.

**I. Background**

Plaintiff's initial complaint in this matter named as Defendants Tom Brown and Wade Younkin, both Unit Team Managers at Norton Correctional Facility (NCF) in Norton, Kansas. (Doc. 1, p. 1-2.) As the background to this case, Plaintiff asserted that NCF staff have a pattern or practice of failing to comply with K.A.R. 44-12-601, they violate his Fourth Amendment right to be secure in his papers by censoring his mail, they do not afford him due process, and they treat him differently than "all other Americans" whose mail is not censored by the State. *Id.* at 2.

As Count I, Plaintiff asserted the denial of his Fourth Amendment right to be secure in his papers and his right to due process. *Id.* at 3. In the section of the form complaint for stating the

1

facts that support Count I, Plaintiff stated only, "No court in the United States has taken my right to be secure in my papers away." *Id.* In Count II, Plaintiff alleged the violation of his Fourteenth Amendment right to equal protection. *Id.* As supporting facts for Count II, Plaintiff stated only, "Kansas does not censor the entire population's mail." *Id.* In Count III, Plaintiff asserted a violation of 42 U.S.C. § 1985. *Id.* at 4. As supporting facts for Count III, Plaintiff stated: "Aside from the illegal censorship allowed in K.A.R. 44-12-601; N.C.F. staff do not even follow their own state mandated regulations." *Id.* As relief, Plaintiff sought "[a]ll remedies and relief the Court deems access[i]ble; plus whatever the class would agree to." *Id.* at 5.

The Court conducted the initial screening of the complaint required by 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). On September 4, 2025, the Court issued a memorandum and order ("M&O") identifying deficiencies in the complaint that left it subject to dismissal in its entirety. (Doc. 8.) Specifically, the M&O stated:

> This matter is subject to dismissal in its entirety because the complaint (Doc. 1) fails to allege sufficient facts to state a plausible claim for relief against any Defendant. "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 Fed. Appx. 757, 759 (10th Cir. 2009) (unpublished) (quoting *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008)). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013). Conclusory allegations of involvement are not sufficient. *See Iqbal*, 556 U.S. at 676.
>
> Although Plaintiff names two NCF staff members as Defendants in this matter, the complaint contains no specific factual allegations about actions taken by either Defendant. Rather, he makes broad, conclusory statements of the type that are not sufficient to support a plausible claim for relief. Plaintiff does not state when the alleged constitutional violations occurred, nor does he include any specific details about the acts of censorship he believes violated his constitutional rights. Thus, he has failed to state a plausible claim for relief.
>
> In addition, the lack of specific factual allegations in the complaint render the complaint in violation of Rule 8 of the Federal Rules of Civil Procedure. Rule

2

8[1] requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)). Even liberally construing the pro se complaint, the Court cannot determine the factual basis of the claims alleged therein. Plaintiff does not identify specific actions taken by individuals, nor does he provide even a general timeframe in which those actions occurred. Thus, the complaint would not give Defendants Brown and Younkin fair notice of the basis of the claim or claims against them.

(Doc. 8, p. 4-5.)

The Court granted Plaintiff time in which to file a complete and proper amended complaint that alleges sufficient facts to state a plausible claim against a named Defendant. *Id.* at 5. Plaintiff has now filed his amended complaint. (Doc. 10.)

## II. The Amended Complaint (Doc. 10)

In the amended complaint, Plaintiff again names as Defendants UTM Brown and UTM Younkin and he adds Defendant Ann Wente, NCF mailroom supervisor. (Doc. 10, p. 1-3.) As the background of the case, Plaintiff states:

> Upon production of the documents IMPP 12-1390 Attachment A. And the related video, corresponding to the Unit teams time stamp. And the document management software the mail room uses. We will see these Actors breach their policy, violate K.A.R. 44-12-601(c), (d), And our 4th Amendment – to be secure in our papers and 14th Amend. Equal protection and due process (See Attach)

(Doc. 10, p .3 (all errors in original).) On an attached page, Plaintiff adds:

> 1.1) The Unit Team Members call inmates to their office, then proceed to process the legal mail.

---

[1] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

> 1.2) The mail room processes official, privileged mail as standard mail. In the mail room, opening, reading, censoring, copying this mail. While Failing to provide the inmate with the proper censorship form. While Failing to Attain the required "waiver" and inmate supervision.

*Id.* at 4.

In Count I of the amended complaint, Plaintiff asserts the violation of K.A.R. 44-12-601(c)(d). *Id.* at 5. As supporting facts for Count I, Plaintiff states that the Unit Team members and mailroom staff censor inmates' mail and breach the policy set forth in IMPP 12-139D. *Id.* In Count II, Plaintiff asserts the violation of the Fourth Amendment's prohibition of unreasonable search and seizure. As supporting facts for Count II, Plaintiff generally alleges that "[t]hese employees, to save time censor our mail, unreasonably search and seize, and delay important correspondence. Policy when Followed, forces the inmate to censor their own mail. But inmates move slow. So staff takes over." *Id.* (all errors in original).

In Count III, Plaintiff asserts the violation of the Equal Protection and Due Process Clauses of the Fourteenth Amendment. *Id.* at 6. As supporting facts for Count III, Plaintiff states: "Because of severe overcrowding [at] the K.D.O.C., myself and the sending party are treated like criminals[.]" *Id.* (all errors in original). Plaintiff then asserts that even the Clerk of this Court "is treated like she [t]raffick[ed] in contraband." *Id.* As relief, Plaintiff seeks "all available remedies"; costs; legal aid fees; "$1,000 per instance"; an order to lower the prison population and to not "build newer, bigger facilities." *Id.* at 7.

**III. Analysis**

The screening standards are set forth in the M&O (*see* Doc. 8, p. 2-4) and will not be repeated in full in this order. It is sufficient to say that the Court is required by statute to screen his complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C.

§ 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). Even liberally construing the amended complaint and taking all facts alleged therein as true, the amended complaint, like the initial complaint, fails to state sufficient facts to state a plausible claim for relief against any named Defendant. Plaintiff fails to identify specific actions taken by particular defendants, as is required to state a plausible claim under § 1983. The M&O explained this requirement to Plaintiff. (*See* Doc. 8, p. 4.)

In addition, Count I fails to allege a constitutional violation and, in Counts II and III, Plaintiff has not stated when the alleged constitutional violations occurred or provided any further specific details. As explained in the M&O, a pro se litigant's "'conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based.'" *Id.* at 4 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The amended complaint contains only conclusory allegations, which cannot support a plausible claim for relief.

## IV. Conclusion

The Court has carefully reviewed the amended complaint, liberally construing it and taking all facts alleged therein as true. Even doing so, the Court finds that the amended complaint, like the initial complaint, fails to state a claim on which relief can be granted. Because Plaintiff has already been given a chance to cure this deficiency and has not done so, the Court declines to afford Plaintiff an additional opportunity to amend.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is dismissed without prejudice for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED**.

**Dated October 3, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**